UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY MAY,

                Petitioner,

     -vs-                            **No. 04-CV-0944(VEB)**
                                        **DECISION AND ORDER**

J. DONELLI, SUPERINTENDENT,
BARE HILL CORRECTIONAL FACILITY,

                Respondent.

_____

## I.      Background

*Pro se* petitioner Anthony May ("May" or "petitioner") seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging his conviction following a guilty plea on December 4,

2000, in Erie County Court, of New York State Supreme Court, on four counts of attempted

second degree assault and one count of second degree assault. *See* Petition (Docket No. 1);

Respondent's Memorandum of Law ("Resp't Mem.") at. Following the guilty plea, May

received, as a second felony offender, concurrent terms of one and one-half to years in prison.

These were the minimum sentence possible under New York's Penal Law. The sentences were

required to run consecutively to the sentence of twenty years to life for a second degree murder

conviction, pursuant to which May has been incarcerated since February 12, 1981.

The incident forming the basis of the assault convictions at issue here allegedly occurred

on February 4, 2000, while May was confined at Gowanda Correctional Facility. As the trial

court noted at the sentencing hearing,

> The Court:    There was, apparently, an incident between you [May] and another
>                 inmate, and various correction officers then responded to that
>                 incident. They being Michael Mathers, Mark Maternowski, Donald

Hawkins, as well as [Correctional Officers] Beaver and Sweet. There was a struggle between you and them, in which, at least, Mr. Hawkins was bit on the finger, Mr. Mathers was bit on the leg, and there were claims of physical injury to the other correctional officers.

Excerpt from Sentencing Hearing dated March 9, 2001, attached to Petition (Docket No. 1); *see also* Superintendent Hearing Disposition dated 2/14/00, attached to Petition (Docket No.1).

The trial court allowed May to give his side of the story before pronouncing the sentence, and May essentially moved to withdraw his plea based on a claim of innocence:

The Defendant: [A]llegedly what happened is that me and the individual, he was leaving on the transfer. We were celebrating the fact, you know, that he was leaving on the way out, and the officer mistook horseplaying for a fight; and the officer grabbed me by my neck and threw me up on the wall and asked me, give him my ID, show him my identification and so forth and so on. No problem.

However, after he radioed for the sergeant to come, the sergeant entered the scene, grabbed me by the back of my shirt collar, removed me from the area of 30 inmates to an undisclosed area, slammed my head up on the wall, causing me to grab for my face. When I grabbed – involuntarily grabbed for my face because of the reaction, [I] started being assaulted. And, you know what they told me? I was assaulted because I took my hands off the wall.

Now, I've been in jail approximately 21 years. I never had an altercation with an officer, never. And Mr. Gresham [the prosecutor], Mr. Gresham's job is also to seek the truth. However, sir, I never got the chance to say anything. Mr. Cutting [defense counsel] did the best he could do for me. I do appreciate – I do appreciate this gentleman here. I told him I don't have no animosity or anger at him whatever; but it's been a miscarriage of justice here because – if you don't mind me showing you, Mr. Gresham, no disrespect to you or nothing [sic] like that, but you was [sic] misled. And I really do believe that because your were misled, they lied to you and they told you that, you was [sic] only doing your job.

However, I appealed their conviction on the administrative level. They gave me 72 months, Your Honor. They violated

|  |  |
|---|---|
|  | every rule they could violate. And when I appealed it and was able to get documentary proof, they broke it all the way down to 18 months. |
| The Court: | Eighteen months in what, special housing [i.e., Special Housing Unit or solitary confinement]? |
| The Defendant: | Yes, special housing. |
|  . . . |  |
| The Court: | Well, with all due respect, Mr. May, [the] superintendent's hearing and the aspects of it are before another body. |
| The Defendant: | I know. |
| The Court: | And I am taking into account the fact that you have suffered that consequence of special housing and confinement as part of my sentence. As I say, I wasn't there on February 4th. I don't know whether the sergeant aggravated what was otherwise an innocent matter or whether or not there was a fight or a dispute that he attempted to intervene on based upon what he observed. And to what occurred thereafter, I guess there's little doubt that there was a biting and there was some injuries incurred by the correction officers. |
|  | I know jail is a tough place and I know they require discipline. Sometimes there may be an overreaction. I'm not making any judgment with respect to it one way or the other, only that you did enter a plea to an attempted assault second under five counts surrounding this incident and that my sentence will run one and a half to three [years] on each concurrent, and that it is and must be consecutive to your present sentence. I think that's the minimum that can be imposed and I do so in light of the fact that there has been administrative consequences to this incident that you have already served. Now, I don't believe I can be any fairer to you than that. |
|  . . . |  |

Excerpt from Sentencing Hearing, attached to Petition (Docket No. 1). The trial court thus

denied May's *pro se* motion made at the sentencing hearing to withdraw his plea based on his

assertion that he was not guilty of assaulting the corrections officers. The sentences imposed

were five concurrent terms having a maximum of three and a minimum of one and one-half

years, to be served consecutively to May's present sentence on the second degree murder

3

conviction.

On direct appeal, the Appellate Division, Fourth Department, of New York State

Supreme Court unanimously affirmed the conviction. People v. May, 305 A.D.2d 1095, 759

N.Y.S.2d 716, 2003 N.Y. Slip Op. 13707 (App. Div. 4th May 2, 2003). The New York Court of

Appeals denied leave to appeal on September 8, 2003.

On February 10, 2004, a different judge of Erie County Court denied May's *pro se*

motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L") §

440.10.

This federal habeas petition followed, in which May raises the following grounds for

relief:

> Ground one: Denied the right to withdraw plea, was also denied exculpatory evidence. Please see statement of facts along with Exhibits, and sentencing minutes, that Petitioner made attempts to withdraw and was denied and sentenced.
> Ground two: Denied the right to Effective assistance of Counsel. Attorney did not properly investigate facts supporting Petitioners [sic] claims that he was the one who was assaulted, and that the officer's [sic] fabricated and bolstered the incident, to accuse the Petitioner of the alledged [sic] crime.
> Ground three: Petitioner was denied the right appeal by the plea agreement. Petitioner was denied the right to appeal, even when he made attempt to withdraw his plea, after obtaining evidence that was in his favor, which was not disclosed, [sic] before by the District Attorneys [sic] office.
> Ground four: Petitioner was denied the right to testify on his own behalf before the Grand Jury, and the sentence was excessive.

Petition, ¶¶2(a)-(d) (Docket No. 1).

Respondent answered the petition, arguing that May's claims were unexhausted but

procedurally defaulted, *see* Resp't Mem. at 3-7; and/or not cognizable on habeas review or

without merit, *see* Resp't Mem. at 8-15.

For the reasons that follow, the petition is dismissed.

## II.     Discussion

### A.     General Legal Principles Applicable on Habeas Review

It is well-settled that a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Errors of state law are thus not subject to federal habeas review. *E.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Because May's petition post-dates the enactment of the Antiterrrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, its review standard applies. Under AEDPA, a petition for a writ of habeas corpus may not be granted with respect to any claim that has been "adjudicated on the merits" in the state courts unless the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Second Circuit has held that "adjudication on the merits" requires only that the state court base its decision on "the substance of the claim advanced, rather than on a procedural, or other, ground." *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001). Furthermore, it is not necessary for the state court to refer to any federal claim or any federal law for AEDPA's deferential standard to apply. *Id.* at 312.

In *Williams v. Taylor*, the Supreme Court held that a state court decision is "contrary to"

clearly established federal law only "if the state court applies a rule that contradicts the

governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts

that are materially indistinguishable from a decision [of the Supreme Court] and nevertheless

arrives" at a different result. 529 U.S. 362, 405-06 (2000). *Williams* also held that habeas relief is

available under the "unreasonable application" clause only "if the state court identifies the

correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies

that principle to the facts of the prisoner's case." *Id.* at 413.

**B.      Analysis of Petitioner's Claims**

**1.      Denial of the right to withdraw the guilty plea (Ground One, Petition, ¶2(a))**

May contends that he was "[d]enied the right to withdraw plea, [and] was also denied

exculpatory evidence[.]" Pet., ¶2(a) (Docket No. 1). The Appellate Division denied the claim on

the merits as follows:

> Defendant appeals from a judgment convicting him upon his plea of guilty of five
> counts of attempted assault in the second degree (Penal Law §§ 110.00,
> 120.05[3], [7] ). County Court did not abuse its discretion in summarily denying
> defendant's pro se motion to withdraw the guilty plea based upon defendant's
> generalized claim of innocence that is unsupported by the record (*see People v.
> Webley*, 256 A.D.2d 1119, 1119-1120, 684 N.Y.S.2d 807, *lv. denied* 93 N.Y.2d
> 880, 689 N.Y.S.2d 442, 711 N.E.2d 656). "A defendant is not entitled to
> withdraw his guilty plea based on a subsequent unsupported claim of innocence,
> where the guilty plea was voluntarily made with the advice of counsel following
> an appraisal of all the relevant factors" (*People v. Dixon*, 29 N.Y.2d 55, 57, 323
> N.Y.S.2d 825, 272 N.E.2d 329; *see People v. Alexander*, 97 N.Y.2d 482, 485, 743
> N.Y.S.2d 45, 769 N.E.2d 802).
>
> . . .

*People v. May*, 305 A.D.2d 1095, 759 N.Y.S.2d 716, 2003 N.Y. Slip Op. 13707 (App. Div.  4th

May 2, 2003).

In *North Carolina v. Alford*, 400 U.S. 25 (1970), the Supreme Court held that although a criminal defendant entering a guilty plea must expressly waive his right to a trial, he need not make an express admission of guilt in order for his plea to be valid. *Id.* at 37, 38; *accord*, e.g., *United States v. Fernandz*, 428 F.2d 578, 579 (2d Cir. 1970); *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y.1979) ("Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, *[a] fortiori* a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence.") (citing *Alford*, 400 U.S. at 38). Indeed, a trial court may accept a defendant's guilty plea even as he protests his innocence. *Alford*, 400 U.S. at 38 ("When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.") (internal citation and footnote omitted).

As respondent points out, when May moved to withdraw his plea, May did not deny that he bit or struggled with the officers. Rather, he claimed that he did not start the altercation and that the prison guards had exaggerated or lied about the severity of their injuries. May stated that the prosecutor had been "misled" by the correctional facility into prosecuting the assault charges against him. May did not say anything that could reasonably be construed as implying that he had been coerced or threatened into accepting the plea. In fact, May explicitly stated that he was

satisfied with defense counsel's representation of him and that he appreciated all counsel had

done to assist him. May has not demonstrated that his rights under federal constitutional law

were violated by the trial court's refusal to allow him to withdraw his plea based on his post-plea

assertions of innocence, and habeas relief is not warranted on this claim. *Accord*, *e.g.*, *Gunn v.*

*Kuhlman*, 479 F.Supp. 338, 344 (S.D.N.Y.1979) (footnotes omitted) (cited by *Gary v. Harry*,

No. 07-CV-12010, 2008 WL 4919502, at * (E.D. Mich. Aug. 18, 2008).

Further, even were May's habeas claim to be judged under the standard applicable to

pleas in federal court under FED. R.CRIM. P. 11 & 32, petitioner cannot show that he would be

entitled to withdrawal of his plea. "First, a 'strong presumption of verity' attached to defendant's

sworn statements at the time of the plea." *United States v. Baum*, 380 F. Supp.2d 187, 204

(S.D.N.Y. 2005) (citing *Gonzalez*, 970 F.2d at 1101). Conclusory denials of guilt such as those

made by May at his sentencing hearing are entitled to little weight by the reviewing court. *See*

*United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992) ("No hearing need be granted

when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict

the record, are inherently incredible, or are simply conclusory.") (citing *United States v.*

*Crooker*, 729 F.2d 889, 890 (1ˢᵗ Cir.1984); *United States v. Fountain*, 777 F.2d 351, 358 & n. 3

(7th Cir.1985), *cert. denied*, 475 U.S. 1029 (1986); *United States v. Barnes*, 504 F. Supp. 330,

332 (W.D. Okla.1980)). A defendant's "bald statements" "that simply contradict what he said at

his plea allocution[,]" are "'not sufficient grounds to withdraw the guilty plea.'" *United States v.*

*Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001) (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d

Cir.1997)); *see also United States v. Diaz*, 176 F.3d 52, 114 (2d Cir.1999) (declining to remand

for an evidentiary hearing when the defendant's sworn statements during a proper plea allocution

contradicted his claim on appeal that his guilty plea was involuntary); *accord, e.g., United States v. Baum*, 380 F. Supp.2d 187, 205 (S.D.N.Y. 2005) ("The defendant testified under oath on November 3, 2003 that she knowingly gave the passport agency a forged document, purportedly signed by her ex-husband and authorizing the issuance of a passport to her daughter. The affirmation did not deny this. Thus, her claim of innocence, which was entirely conclusory, necessarily rested either on contradiction of the sworn statements made by her at the time of the plea or on the technical defenses raised by her counsel. Neither is sufficient [to entitle her to withdrawal of her guilty plea].").

### 2.    Violation of *Brady v. Maryland*, 373 U.S. 83 (1963)

Also as part of Ground One of the petition, May also states that he was "denied exculpatory evidence." Petitioner, ¶2(a). Under this section, May does not provide any details or information as to what comprises the alleged "exculpatory evidence" to which he was denied access. In Ground Three, May refers to "obtaining Evidence that was in his favor which was not disclosed, [sic] before by the District Attorneys [sic] office." Petition ¶2(c). The only document attached to his petition that could potentially be this alleged "exculpatory evidence" is the copy of the Superintendednt Hearing Disposition regarding the matter leading to the assault charges against him.

The report indicates that May was observed by Inmate Johnson that May was "throwing punches @ [sic] Inmate Perry . . . who denied punches thrown but did say he had heated argument with May." The report indicates that May then disobeyed several direct orders from a corrections officer in connection with the incident involving inmate Perry, and that Sergeant Mathers was "struck by Inmate May and bitten by him[;]" and that CO Hawkins "sustained a

bite [by May] requiring stitches and tx [sic] for HIV and hepatitis." The report writer found that Mays' testimony that he "did not do anything [wa]s not believable[;]" rather, it appeared that Mays "was owed money/boots by inmate Perry and this incident started over his attempting to get that back." The report indicates that as a result of the incident the facility was "sending (6) security personnel to [an] outside hospital."

In *Brady v. Maryland*, the Supreme Court ruled that a defendant's due process rights are violated if the government suppresses favorable evidence that is material to guilt or punishment, irrespective of the prosecution's good or bad faith. 373 U.S. at 87; *accord*, *e.g.*, *Strickler v. Greene*, 527 U.S. 263, 280 (1999). The Court has reviewed the incident report submitted by May but has been unable to discern how it is "favorable" to May. Furthermore, May has not shown that this document was unavailable to defense counsel at the time of his plea, since respondent indicates that on October 6, 2000, two months before May's plea, defense counsel received the grand jury testimony and other reports of the witnesses who were going to testify at trial. On the day of the plea hearing, the prosecutor marked as exhibits various photographs and medical records of the officers who alleged injury. May has failed to substantiate his claim that he was denied material "exculpatory evidence" or other favorable evidence. Because May has not demonstrated any of the elements required to establish a *Brady* violation, this claim and must be dismissed.

### 3. Ineffective assistance of trial counsel

As part of Ground Two, May asserts that his "attorney did not properly investigate facts supporting petitioners [sic] claims, that he was the one who was assaulted, and that the officer's [sic] fabricated and bolstered the incident to accuse the petitioner of the alledged [sic] crime."

Petition, ¶2(b). In Ground Four, May states that counsel failed to ensure that he was able to

exercise his right under New York State law to testify at the grand jury. *See* Petition, ¶2(d).

This Court must "evaluate [May's] claim that h[is] guilty plea was involuntary or

unknowing due to ineffective assistance of counsel using the framework established in

*Strickland v. Washington*, 466 U.S. 668 (1984)." *United States v. Couto*, 311 F.3d 179, 187 (2d

Cir.2002) (citing *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir.2001) (*per curiam*)

(citing *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985)). "A defendant must first establish that

'counsel's representation fell below an objective standard of reasonableness.'" *Hernandez*, 242

F.3d at 112 (quoting *Hill*, 474 U.S. at 57-58); *accord Couto*, 311 F.3d at 187). The defendant

then "must show that there is a reasonable probability that, but for counsel's errors, [the

defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Id.*

(quoting *Hill*, 474 U.S. at 59); *accord Couto*, 311 F.3d at 187). Here, May's counsel was faced

with the daunting task of attempting to discredit the testimony of five corrections officers

regarding their version of the incident, along with the medical evidence. Some of the charges

were for attempted assault, which does not require proof of actual injury. As respondent points

out, even if counsel could have undermined the proof on one or more of the assault charges, any

one conviction for a completed assault would have resulted in a sentence greater than the one

imposed under the plea bargain. Resp't Mem. at 12. Under the very favorable plea bargain, May

received the lightest sentence available, given the reduced charges to which he pleaded guilt. *See*

*id.* I find that "[t]he favorable plea negotiations establish that petitioner received competent and

meaningful representation," *Rosemond v. Lacy*, 1987 WL 13920, at *3 (E.D.N.Y. June 29, 1987)

(rejecting habeas petitioner's claim under *Hill v. Lockhart* where petitioner was sentenced to two

concurrent terms of one year, significantly lower than the potential exposure to at least fourteen

years he faced had he gone to trial on the felony counts in the two indictments).

I turn next to petitioner's claim that trial counsel erred in C.P.L. § 440.10 Order at 2

(attached to Habeas Petition (Docket No. 1). The C.P.L. § 440.10 court rejected this claim on the

merits as follows:

> The defendant faults counsel for failing to move to dismiss the indictment on the ground that he was not given the opportunity to testify in the grand jury.[1] However, the defendant admits that he served his notice on the "wrong district attorney's office" and has not shown that the defect was remedied. Under those circumstances, counsel was not ineffective because a motion to dismiss would not have no [sic] merit (*People v. Kelly*, 309 A.D.2d 1149). Moreover, it is well settled that the failure of counsel to effectuate a defendant's desire to testify in the grand jury or to move for dismissal if the right to testify is abridged does not, in itself, constitute ineffective assistance (*People v. Wiggins*, 89 N.Y.2d 872; *People v. Harrison*, 304 A.D.2d 376; *People v. Galleria*, 264 a.D.2d 899). In order to prevail, a defendant must demonstrate that his grand jury testimony would have affected the outcome of the proceedings (*People v. Harrison*, *supra*). The defendant's bare allegation that he would have denied assaulting the correction officers, and that they overreacted in assaulting him, do not [sic] support that proposition.

C.P.L. § 440.10 Order at 2-3 (Docket No. 1).

In order to obtain habeas relief based upon his claim of ineffective assistance of trial

counsel, May must show that his attorney's performance fell below an "objective standard of

reasonableness," and that he was prejudiced as a result–that is, there is a "reasonable

probability" that but for counsel's alleged errors, the outcome of the proceeding would have

been different. *E.g. Hill v. Lockhart*, 474 U.S. at 59; *Strickland v. Washington*, 466 U.S. at 694.

Here, it appears that May, acting *pro se*, sent a notice to the district attorney's office indicating

that he wished to testify before the grand jury; however, he sent it to the wrong office. *See* C.P.L.

---

[1]    As a matter of New York State statutory law, a criminal defendant has the "right to appear before [a] grand jury as a witness in his own behalf[.]" N.Y. CRIM. PROC. LAW § 190.0(5)(a).

12

§ 440.10 Order at 2. Presumably, then, trial counsel did not agree with May's plan to appear at the grand jury proceeding. Both New York state courts and federal courts sitting in habeas review have consistently rejected claims similar to Mays'. *E.g.*, *People v. Wiggins*, 89 N.Y.2d 872 (N.Y. 1996) ("Defense counsel's failure to timely facilitate defendant's intention to testify before the Grand Jury does not, per se, amount to a denial of effective assistance of counsel under the circumstances of this case[.]"); *Dixon v. McGinnis*, 492 F. Supp.2d 343, 347-48 (S.D.N.Y. 2007); *Dickens v. Filion*, 2002 WL 31477701, at \*16 (S.D.N.Y. Nov. 6, 2002); *Hutchings v. Herbert*; *Velez v. People of State of N.Y.*, 941 F. Supp. 300, 316 & n.17 (S.D.N.Y. 1996) ("New York State courts have held that an attorney's failure to act on his client's express wish to testify before the grand jury, without more, does not give rise to an ineffective assistance of counsel claim.") (citations omitted).

This Court cannot say that May's failure to place him on the stand before the grand jury was an objectively unreasonable trial strategy, since "'[s]ubjecting a target in [petitioner's] position to interrogation before the grand jury is an extremely risky tactic" with "often little to be gained by it and much to lose.'" *Dickens*, 2002 WL 31477701, at \*16 (quoting *Sam v. Brown*, No. 00-CV-4170, 2002 WL 31102644, at \*4 (E.D.N.Y. Sept. 10, 2002) and citing, *inter alia*, *Waterman v. Scully*, 92 Civ. 5176, 1993 WL 127967, at \*2 (S.D.N.Y. Apr. 20, 1993) ("Trial counsel could reasonably have concluded that petitioner had little to gain by testifying before the grand jury. . . .Trial counsel knew that the prosecutor would have had the strategic advantage of learning the details of petitioner's version of the events. . . .")); *see also Kohler v. Kelly*, 890 F. Supp. 207, 213 (W.D.N.Y. 1994) (Curtin, J.), *aff'd*, 58 F.3d 58 (2d. Cir. 1995) ("We affirm for substantially the reasons stated in Judge Curtin's opinion."). "Moreover, even if the wisdom of

13

this tactical decision were debatable, [trial counsel's] choice on [petitioner's] behalf must be presumed correct." *Johnson v. Artus*, No. 07 Civ. 5905(SAS)(FM), 2009 WL 763897, at *10 (S.D.N.Y. Feb. 20, 2009) (report and recommendation) (citing *Strickland*, 466 U.S. at 689). In his habeas pleadings, May "has not set forth any facts that suffice to overcome that 'strong' presumption." *Id.* (quoting *Strickland*, 466 U.S. at 689).

Because *Strickland* requires a showing of both deficient performance and resulting prejudice's May's inability to establish that trial counsel's performance was objectively unreasonable means that his *Strickland* claim cannot succeed. *See Strickland*, 466 U.S. at 697. In any event, May has not demonstrated that he was prejudiced by not appearing at the grand jury. In other words, has not shown a reasonable possibility, let alone a reasonable probability, that the grand jury would have voted a "no true bill" (i.e., not voted to indict) had he testified..

### 4.    Denial of right to appeal

As Ground Three of the petition, May contends that he "was denied the right appeal by the plea agreement." On direct appeal, the Appellate Division rejected this claim as follow, holding that

> [t]he waiver by defendant of the right to appeal, which was knowing, intelligent and voluntary, encompasses his further contention that the bargained-for sentence is excessive (*see People v. Burse*, 295 A.D.2d 968, 743 N.Y.S.2d 354, *lv. denied* 98 N.Y.2d 709, 749 N.Y.S.2d 6, 778 N.E.2d 557; *People v. Wright*, 288 A.D.2d 899, 732 N.Y.S.2d 760, *lv. denied* 97 N.Y.2d 689, 738 N.Y.S.2d 306, 764 N.E.2d 410). In any event, defendant was sentenced to the minimum permissible terms of imprisonment (*see* [N.Y. Penal Law] § 70.06(3)(e); (4)(b); § 70.25(2-a)).

*People v. May*, 305 A.D.2d 1095, 759 N.Y.S.2d at 717.

A waiver is defined as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458 (1938). In order to be constitutionally valid, a

guilty plea, which involves the waiver of several constitutional rights, must be entered into knowingly and voluntarily, with an understanding of its consequences. E.g., *Parke v. Riley*, 506 U.S. 20, 28-29 (1992) (reaffirming that the "standard [for judging constitutionality of a guilty plea] was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" because "a guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination"). May has not pointed to, and this Court cannot find, any precedent holding that there is a constitutional prohibition against including the waiver of appellate rights in a guilty-plea agreement. The Second Circuit has held, in the context of direct appeal of criminal convictions obtained via a guilty plea that "a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (direct appeal of conviction) (citing *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir.1999) (*per curiam*) (direct appeal) (same); *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir.1995) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.") (direct appeal). May has presented no evidence to indicate that his guilty plea, containing a valid and voluntary acknowledgment of the waiver of this appellate rights, was entered into involuntarily or without knowledge of all the consequences and the rights he was waiving thereunder. Accordingly, May's claim regarding the validity of his appellate-rights waiver is without merit and is dismissed.

### 5. Harsh and excessive sentence

As one part of Ground Four of the petition, May contends that his sentence is harsh and

excessive. However, the assertion that a sentencing judge abused his or her discretion in sentencing does not generally present a constitutional claim subject to review by a federal habeas court. *See Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir.1977) (rejecting habeas petitioner's claim that judge improperly failed to credit psychiatric reports concerning the possibility of imprisonment upon his depression; no cognizable federal claim was raised since the evidence was offered to prove that the state judge abused his sentencing discretion) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948)); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.") (citing *Underwood v. Kelly*, 692 F. Supp. 146 (E.D.N.Y.1988), *aff'd mem.*, 875 F.2d 857 (2d Cir.1989)). Here, May received the minimum sentence possible under the sentencing statute. Therefore, his claim regarding the length of his sentence is dismissed as not cognizable on federal habeas review. *See White*, 969 F.2d at 1383; *accord*, *e.g.*, *Portillo v. Senkowski*, No. 02-CV-4276 (JBW), 03-MISC-0066 (JBW), 2003 WL 22956938, at \*7 (E.D.N.Y. Oct. 14, 2003)).

### 6. Denial of right to testify before grand jury

As the other part of Ground Four of the petition, May contends that he was denied his right under New York state law to testify at the grand jury proceeding. There is no federal constitutional right to testify before the grand jury; rather, New York defendant's enjoy such a right by virtue of statute. *See* N.Y.CRIM. PROC. LAW § 190.50(5)(a) ("When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon

the district attorney of the county a written notice making such request and stating an address to which communications may be sent."). As the New York Court of Appeals has explained, a "defendant's right to appear as a witness before the Grand Jury, in contrast to his Sixth Amendment constitutional right to submit evidence on his own behalf at trial, is derived exclusively from statute[.]*" People v. Smith*, 87 N.Y.2d 715, 724, 642 N.Y.S.2d 568, 665 N.E.2d 138 (N.Y.1996) (citing N.Y.Crim. Proc. Law § 190.50(5)). Because it does not present a question of federal constitutional law, May's claim that was denied his right to testify before the grand jury is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Accordingly, it is dismissed.

## III.    Conclusion

For all of the foregoing reasons, the request Anthony May for a writ of habeas corpus is denied and the petition is dismissed. A certificate of appealability shall not issue as Mays has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also United States v. Perez*, 129 F.3d 255 (2d Cir.1997); *Lozada v. United States*, 107 F.3d 1011 (2d Cir.1997).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: May 18, 2009
        Buffalo, New York